**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 28, 2015**

# In the Court of Appeals of Georgia

A15A1621. BELL v. TAYLOR.

ANDREWS, Presiding Judge.

This appeal is from a final order granting joint legal custody of a child to the father and the maternal grandmother, but primary physical custody to the grandmother. We reverse.

The minor child, D. B., was born August 19, 2008, to two unmarried parents, David Bell, Jr., and Kristy Taylor. In 2011 both parents consented to the maternal grandmother, Misty Taylor, being the temporary guardian, and the grandmother has reared the child since then. Bell, who was 20 when D. B. was born, had little to no role in the child's life for the first few years. He acknowledged that in the past he used drugs and alcohol, and was "just young and wild and partied a lot." But Bell eventually straightened his life out.

On September 19, 2013, Bell filed a petition seeking legitimation and custody of the child. The appellee grandmother Taylor answered the petition but the child's mother did not. On January 22, 2014, the trial court granted the legitimation and changed the child's last name to Bell. The court entered a separate order awarding Bell temporary visitation with the child. The trial court then held a hearing on the custody issue on August 20, 2014, and entered its final order on October 22, 2014, awarding joint legal custody to both parties, but primary physical custody to the grandmother.

At the hearing, Bell's father and mother both testified about Bell's checkered past but stated that during the last two years, Bell had been clean and sober, had become a responsible worker, and had started wanting to be the father to his son. Bell works for his father, who described Bell as "a hundred percent different" now. Bell married in June 2014 and has a stable home with his wife and two stepchildren.

The appellee Taylor has reared D.B. for most of his life. Also in her household are her husband, her grown daughter, and D. B.'s younger half-sister. Taylor encouraged Bell to be involved in D. B.'s life, and she acknowledged that although D. B. initially had a difficult time when Bell first got visitation rights, eventually the visitation started "going pretty good."

Both Bell and the grandmother had witnesses testify on their behalf. Tony Roberson, a cabinet shop owner and family friend of Bell, testified that he had seen Bell go from not being worth a "plug nickel" to being mature, grown up, in a good marriage, looking after his stepchildren, and able to provide a "solid life" for D. B. Johnny Taylor, the ex-husband of the appellee grandmother, testified that he usually gets D. B. every other weekend, and based on those visits he reported that D.B. was happy and doing great living with the appellee. Richard Foskey, Sheriff of Bacon County, testified that he knew both the appellee and her current husband, and that D. B. seemed to be a loving child who was well taken care of by the appellee.

Bell contends the trial court misapplied the legal standard for deciding custody actions between a parent and a grandparent. OCGA § 19-7-1 (b.1) provides, in pertinent part:

> There shall be a rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents of such child or children, but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children. The sole issue for determination in any such case shall be what is in the best interest of the child or children.

"Implicit in this statute are three presumptions: (1) the parent is a fit person entitled to custody, (2) a fit parent acts in the best interest of his or her child, and (3) the child's best interest is to be in the custody of a parent." (Footnote omitted.) *Burke v. King,* 254 Ga. App. 351, 352-353 (562 SE2d 271) (2002).

To rebut the presumption set forth in OCGA § 19-7-1 (b.1), the third party must show that parental custody would cause physical or significant long-term emotional harm, not merely social or economic disadvantage. *Clark v. Wade*, 273 Ga. 587, 598 (544 SE2d 99) (2001) (physical precedent only); *Strickland v. Strickland,* 330 Ga. App. 879 (769 SE2d 607) (2015). See also, *Harris v. Snelgrove*, 290 Ga. 181, 182 (2) (718 SE2d 300) (2011). "[A] change in home and school will often be difficult for a child, but some level of stress and discomfort may be warranted when the goal is reunification of the child with the parent." *Clark v. Wade,* supra at 598.

In determining whether reuniting a child to the parent would harm the child, the trial court must consider the factors set forth in *Clark v. Wade,* supra at 598-599:

> (1) who are the past and present caretakers of the child; (2) with whom has the child formed psychological bonds and how strong are those bonds; (3) have the competing parties evidenced interest in, and contact with, the child over time; and (4) does the child have unique medical or psychological needs that one party is better able to meet.

4

See *Lopez v. Olson,* 314 Ga. App. 533 (724 SE2d 837) (2012).

In the instant case, at the conclusion of the hearing, the trial court discussed the first three (and only pertinent) factors, and remarked that he could decide the case either way and would sleep well at night because he felt both parties would take good care of D. B. But in its final order, the court decided that "[b]ecause of the bond between [D. B.] and his grandmother and due to the fact that her home has been his residence for an overwhelming majority of his life, it would be harmful to [D. B.] for him to be removed from that home and it is in the best interest of [D. B.] that he remain in the care and custody of Defendant Misty Taylor." Bell contends the trial court's findings do not evince any finding of physical or significant, long-term psychological harm, and we agree. Rather, the type of harm noted by the trial court falls within that level of stress and discomfort that is an acceptable price for reuniting a child with a parent, and is insufficient to infringe the fiercely guarded right of a parent to have legal and physical custody of his or her child. *Clark v. Wade,* supra*; Strickland v. Strickland,* supra.

Accordingly, the trial court's judgment is reversed and the case remanded with direction for the trial court to enter a custody award in favor of the appellant father.

*Judgment reversed and case remanded. Miller and Branch, JJ., concur.*

5